RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 06 2015

*1445-14*

ORIGINAL

PD-1445-14

GILBERT GRIMALDO
APPELLANT

vs.

THE STATE OF TEXAS

§    COURT OF CRIMINAL APPEALS

§    OF TEXAS

§    AUSTIN, TEXAS

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

COMES NOW, Gilbert Grimaldo Appellant's by and through his Appellant's Appellate Pro-Se Gilbert Grimaldo and pursant to the provisions of Article 44.45 of the Texas Code of Criminal Procedure and Texas Rule of Appellate Procedure 38, et seq., respectfully submits this Appellant's Petition For Discretionary Review.

FILED IN
COURT OF CRIMINAL APPEALS
FEB 10 2015
Abel Acosta, Clerk

### STATEMENT OF THE CASE

Appellant Gilbert Grimaldo was indicted in case number 1243882D for Aggravated Assault with a deadly weapon with a repeat offender notice alleging he had a prior conviction for murder. A jury convicted Appellant of the offense. Appellant plead true to the repeat offender allegation and the trial court sentenced him to 60 years in the Texas Department of criminal Justice Institutional Division. Notice of appeal was signed on December 20, 2012 an granted. Then on December 20, 2012 attorney Ken Gordon was appointed counsel for the appeal. Attorney Ken Gordon on June 28, 2013 filed a Motion To Withdraw and Brief In Support Of Motion Ander's Brief. Appellant has desire to file a Appellant's Pro-Se Brief was due on October 23, 2014 and filed a first extension was sought for January 23, 2014. Then Appellant filed a second extension to be timely filed on or before March 24, 2014. The State's file it's First Motion For Exten-

-1-

sion of time for filing of State's Brief on April 20,2014 was due on May 28,2014. The State's Second Motion For Exrension of time for filing of State's Brief on May 30,2014 was granted due on June 27,2014. State's Brief was filed on June 26,2014. The Appellant filed Appellant's Objection To The State"s Brief on            .

The Court Of Appeals Second District Of Texas Fort Worth, Texas ordered that the judgement of the trial court is affirmed. Appellant's Petition For Discretionary Review was due on October 18,2014. Appellant's Pro-Se First Motion for an Extension of time in which to file the Petition for Discertionary Review, petition has been extended to Friday, December 19,2014.

## ISSUE PRESENTED

ISSUE ONE:THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELL-ANT GUILTY OF THE OFFENSE OF AGGRAVATED ASSAULT.

ISSUE TWO:THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND THE USE OR EXHIBITION OF A DEADLY WEAPON.

ISSUE THREE:THERE WAS LEGALLY INSUFFIENT EVIDENCE TO FIND APPELL-ANT GUILTY OF AN AGGRAVATED ASSAULTY BASED ON THE EVIDENCE PRES-ENTED.

## STATEMENT OF THE FACTS

On May 29, 2011, at 12:34 a.m., Arlington Police Officer Jason Mc-Cray stopped a car headed west on Interstate 30 in Arlington. Texas, for speeding. The driver was Appellant Gilbert Grimaldo. 4RR-17-18. On or about 11:30 to 12:00 a.m. victim witness voluntary statement Sandra Burrola [now Sandra Burrola Hudson] answered a knock on her apartment door. 4RR24; State"s Exhibit 24. Appellant was on his knee's asking Ms. Burrola to take him back because he loved her. When she tried to shut the door, he forced his way in-to her apartment. 4RR25. Appellant and Ms.Burrola had been in a common-law-wife relationship from January 10, 2009 which ended in

-2-

February 2011. 4RR22. Ms. Burrola said, Appellant hit her with his fist and threatened to kill her children. He put a pillow over her face and continued to hit her and choke her. 4RR25-26, 58. Ms.Burrola's 13 year old son, Joseph, walked into the livingroom and she told him to call the police with her cellphone which was the only telephone in the house, Appellant took the phone away from Joseph 4RR26-27. Appellant dragged Ms. Burrola by her hair into the kitchen, put a kichten knife against her throat and told her she was going to die. The knife broke against her neck and caused scratched bruising. 4RR28-31, 60-61, 64; State's Exhibit 1,2,3. Ms. Burrola was able to break away and ran out to the stairs. Appellant followed her and pushed her down the stairs and then grabbed Joseph and threw him down the stairs. Ms. Burrola says Appellant threatening to kill her two children. Appellant forced Ms. Burrola and Joseph back upstairs and into the apartment. 4RR34-35. Ms. Burrola testified that Appellant put a lighted cigarette against her eyelid in addition to other phsical injuries. 4RR37; State's Exhibit 7-11, 12, 13. Ms. Burrola went out on the balcony and jumped to the ground and ran to the apartment of David Brown. She used Mr. Brown's cellphone to call Fort Worth Police 911. She identified her voice on the recording of that call which occured around 2:38 a.m. , 4RR43-44; State's Exhibit 16, 25. Ms. Burrola starting receiving e-mail messages from Appellant, "I'm sure u called cops n told them dat I tried do dis n dat 2 u n ur kids but ya not worth it not 1 bit bye hoe loose my nmbr nasty fat ass ugly bitch". 4RR52, 161-162; State's Exhibit 22. Fort Worth Police Detective was a certified forensic computer examiner 4RR150-151. He examined the e-mail recieved on Ms. Burrola's computer on May 29, 2011, and established that the message

-3-

sent to her address "sandi.memdoza 817@gmail.com" was from "gilbert-grimaldo1969@yahoo.com" and was from a moblephone device. 4RR155, 157-158; State's Exhibit 22, 27. Since it was possible for someone to have access to the user name and password and the e-mail address "gilbertgrimaldo1969@yahoo.com", to send the message, he could not identify the actual author or the number of the partiular phone used, although the sender would need to have the phone to which that addressed was synced. 4RR163, 167.

Joseph Burrola was sleep when his mother's screams woke him and when he went into living room he saw his mother trying to keep appellant from getting in the apartment. She tolled him to call the police but Appellant took the phone away from him. 4RR72-73. He went back into his room but got up again when everything started getting loud. He saw his mother limping up the stairs saying Appellant pushed her down the stairs and then Appellant grabbed Joseph by the hair and told him to go get his "stupid A" mother. 4RR73-74. Following his mother's instructions, Joseph went back to his room but he also checked to make sure his brother and sister were asleep. 4RR74. He then saw Appellant put a pillow over his mother's face and he saw Appellant with a knife in front of Ms. Burrola. 4RR75. A short time later, he watched as his mother ran out on the balcony, jumped over the railing and ran across the courtyard. Appellant ran after Ms. Burrola and joseph grabbed a golf club and chased Appellant. David Brown was outside and saw Ms. Burrola running towards his apartment. He also saw Appellant and Joseph. Mr. Brown had Joseph throw the golf club on the ground. 4RR76-77, 96. Joseph testified that Mr.Brown told him to get his brother and sister an bring them to Mr. Brown apartment. He rem-

-4-

ember that and unidentified female walked with him to his apartment and back to Mr.Brown's apartment. 4RR81. David Brown was on active-duty as a heavy equipement mechanic with the U.S. Navy and was, during May 2011, assigned to the Joint Reserve Base in Fort Worth. He personally knew Appellant Gilbert Grimaldo and Sandra Burrola and her children. 4RR87,91. Around 2:30 a.m., he saw Ms. Burrola jump or fall from her balcony and ran toward his patio. 4-RR85,87-88,95,114. Ms. Burrola told him that Appellant had a knife and was trying to kill her. 4RR88,112. She used his cellphone to call 911. 4RR90. Mr.Brown's said he seen Gilbert come from the area of the stair well was on the side of Sandra apartment walking toward Mr.Brown's apartment. 4RR90-91. Mr. Brown testified Gilbert didn't have no weapon. 4RR102-103. Mr.Brown said Gilbert had no blood on his clothes. 4RR110. Mr.Brown said Joseph came running with a golf club inhis hand and Mr.Brown had to hold him back. 4RR-95-96. Mr.Brown testified not in front of the jury in vior dire that Joseph was getting in troulbe at school and breaking into apartment building and is therefore having this child lie for her in order to manipulate the testimony. 4RR116-117. Mr.Brown escorted Appellant off the apartment premises and then went to Ms.Burrola apartment to protect them. 4RR92-93,106,109,112,120. Appellant Gilbert Grimaldo elected not to testify. 4RR169-170.

The jury convicted Appellant of Aggravated Assault as charged in the indictment. 4RR192. Following the Appellant's plea of true to having been convicted of murder on May 13,1986, and hearing the testimony of other witnesses that Appellant committed other and pervious acts of domestic violence, the trial court sentence Appel-

-5-

lant to 60 years in the Texas Department of Criminal Justice Institutional Division. 5RR7,75;CR133.

## SUMMARY OF ARGUMENT

The two major issues in this case are the use or exhibition of a deadly weapon and the identity of the asault. The trial court found there was sufficient evidence to convict for Aggravated Assault. In the issue, Appellant states that the evidence is legally insufficient to establish the element of use or exhibition of a deadly weapon in 1243882D. At best the assault in the case made a movement towards knife of knives, there is no knife weapon taken into police custody an filed on the evidence list in case number 1243882D, but that is not sufficient to establish use or exhibition of a deadly weapon. The judge ment for Aggravated Assault in this case should be reversed.

The third issue is the evidence regarding identity's legally insufficient. There was no description given but the complaintant's Ms. Burrola said ex-boyfriend Gilbert Grimaldo. There are two witnesses her son joseph and a friend Mr.Brown. The Appellant was not arrested at the scene of this crime. But a warrant was issued and Appellant was arrested. There was no fingerprints or no DNA obtained none for gloves of which matched Appellant. Appellant Gilbert has an alibi witness Wiliam Carlton. Detective and District Attorney failed to investigate Mr.Williams Carlton testimony for the defense of the Appellant. The Court issued a subpoena for the private detective to serve alibi witness Mr.William carlton but he was not served. The Court and District Attorney failed to subpoena alibi witness Mr.William Carlton for the defense. Also Appellant has two affidavit from witnesses that was on the list of witnesses but was

-6-

not called to testify in the behalf of Appellant there names are David Trevino and Geneva Labree [now Geneva Labree Grimaldo]. Ms. Burrola was not hospitalize for her injuries or no medical reports of her injuries by a physician to show serious bodly injury or death by expert testimony. Appellant assert that the evidence is legally insufficient to convict him of this case. The judgement for Aggravated Assault in this case should be reversed and remanded to the lower court.

## ARGUMENT

ISSUE ONE, RESTATED:THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF THE OFFENSE OF AGGRAVATED ASSAULT.

ISSUE TWO. RESTATED:THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND THE USE OR EXHIBITION OF A DEADLY WEAPON.

### A. Standard of Review

Appellant contends that the evidence is legal sufficiency is the constitutional minimum requirement by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction **Jackson v. Virginia**, 443 U.S. 307, 215-16, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). The appellate standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Id. at 320, 99 S.Ct. 2781. The evidence is examined in the most favorable to the factfinder. Id. A successful legal sufficiency challenge will result in the rendition of an acquittal by the reviewing court. **Tibbs v. Florida**, 457 U.S. 31, 41-42, 102 S.Ct. 2211, 72 L.Ed. 2d 652 (1982).

There is little dispite over the relevant facts in the case. When view in the light most favorable to the jury's verdict. Those facts are appellant and the complainant lived together from January 10

-7-

2009 to the end February as common-law-wife. Complainant said Appellant held a knife to her neck threating to kill her and her children. The indictment alleged the offense of Aggravated Assault under section 22.02(a)(2) of the Penal Code, which provides that a person commits an offense if he uses deadly weapon while causeing bodily injury.Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp. 2011).

## B. Law Requiring Use of Weapon

When a person is charge with using a deadly weapon, the evidence must establish that the weapon was actually deadly. **Lockett v. State**, 874 S.W.2d 810, 814 (Tex.App.-Dallas 1994. pet.ref'd). The Penal Code defines a "deadly weapon" as a knife or anything designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the matter of its use or intended use is capable causeing death or serious bodily injury Tex. Pen. Code Ann. §§ 1.07 (a) (17)(A),(B)(Venon 2011).

"Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanment disfigurement or protracted loss or impairment of the function of any bodily member or organ."Tex. Pen. Code Ann. § 1.07 (a)(46) (Venon 20110. Because the complaintant Ms. Burola did not die or actually suffer serious bodily injury" she was not hospitalize, no medical report by physician, no reported medical injuries and no services from Medstar Ambulance Service bill or testimony", the narrow issue inthe case is whether the weapon used by appellant was capable of causeing death or serious bodily injury. **Adam v. State**, 22 S.W.3d 581, 581(Tex.Crim.App.2002)(citing **McCain v. State**, 22 S.W.3d 497, 503(Tex.Crim.App.2000)("am object is a deadly weapon if the actor intends a use of the object in which it would

-8-

be capable of causeing death or serious bodily injury"). Therefore, we must view the evidence in the light most favorable to the verdict and determine whether any rational jury could have found appellant used a weapon in such a way that the weapon would be capable of causeing death or serious bodily injury, (CR-89-100).

## C. Application To These Facts

The State offered evidence on this issue from five source. First testimony was Ms.Burrola said the object came from butcher block set, which she said Appellant dragged her to the kitchen and grabbed a butcher block knife from a butcher block set that broke into pieces by direct exmination district attorney Bangs. 4RR28-30. On cross-exmination Appellant's attorney Canas asked Ms.Burrola about the knife, she doesn't know what type of knife it was used in that kitchen. Her testimony is not clear to show what style of knife, size, shape or sharpness. 4RR65. Joseph testify see Appellant with a knife. 4RR75. Mr.Brown testify that Appellant didn't have a weapon. 4RR103. That he seen Appellant come from the stair well area. 4RR91. Mr.Brown said Gilbert had no blood on his clothes. 4RR110. Officer Stewart did not write or state that was a cut on her neck and clearly a small scratch or a weapon used in the family violence packed diagram report. 4RR137-138. Officer Stewart testimony there's no where he saids that he took into evidence a weapon. Officer Stewart has put no weapon into evidence see evidence list. 4RR128-140; See Evidence List. Detective J.M.Bayer testify to knife being a deadly weapon. 4RR145. But in Detective Bayer testimony there clearly no weapon taken into evidence see evidence list. 4RR-140-149; Evidence List. Detective Baker testify that the glove was sent for DNA Testing and fingerprints testing. No fingerprints was

-9-

found of Appellant. 4RR145-146. There is no DNA of Gilbert on the gloves. They weren't able to get anything off the glove. 4RR145-146. Detective Bayer confirmed that there any other DNA testing requested by the defense? No not at the time. 4RR146. There's no medical reports records stated Ms.Burrola was treated by a physician or Medstar Ambulance service in testimony for injuries laceration or burns which consistent with being namely whether Appellant used a weapon in such a way that the weapon would be capable of causeing death or serious bodily injury. In resolving this issue, we are mindful that a weapon's capacity to cause death or serious bodily injury must be supported by evidence related directly to the circumstances of the criminal episode and not upon a hypothetical of causeing death or serious bodily injury. **Johnston v. State**, 115 S.W.3d 761, 763(Tex.App.-Austin 2003), aff'd, 145 S.W.3d 215(Tex.Crim.App. 2004); **Inre A.J.G.**, 131 S.W.3d 687, 694(Tex.App. Corpus Christi 2004 pet. denied). See 4RR64-65.

## D. Conclusion

For the record is picture's of a butcher block set, pieces of it "something" testimont of a knife but no weapen taken into evidence just hypothetical claim of a weapon. See State's Exhibit 1,2; 4RR 55, Evidence List. We will begin with the issue of the knife, which is not a deadly weapon per se. **Robertson v. State**, 163 S.W.3d 730, 732(Tex.Crim.App.2005); **Thomas v. State**, 821 S.W.2d 616, 620 Tex.Crim.App.1991). However, a knife may become a deadly weapon and the court have recognized several factors, to consider when determine a knife was used as deadly weapon; (1) the physical proximity between the conplaintant and the knife; (2) threats or words by the defendant; (3) the size, shape and sharpness of the

-10-

knife; (4) testimony about the knife's ability to inflict death or serious bodily injury; (5) the actual knife need not be introduced into evidence if witness is able to testify about the knife and the manner in which it was used; (6) assertive conduct by the actor; and (7) the location and severity of the wounds inflicted. **Thomas v. State**, 821 S.W.2d 616, 619(Tex.Crim.App.1991); **Ortiz v. State**, 993 S.W.2d 892, 894(Tex.App.-Fort Worth 1999, no pet.); **Garcia v. State**, 17 S.W.3d 1, 5(Tex.App.-Houston[1st. Dist.]1995, pet. ref'-d). Either expert testimony of lay testimony may be sufficient to support a deadly weapon finding **English v. State**, 647 S.W.2d 667, 668-69(Tex.Crim.App.1983); **Bailey**, 46 S.W.3d at 492. no one factor is determine, and the fact-finder must examine whether the knife is a deadly weapon. No expert testimony was offered to support a deadly weapon finding. The State is not required to introduce expert testimony to establish that instrument used in commission of crime is deadly weapon, as will permit conviction of aggravated offenses; however, expert testimony can be particulary useful in supplementing meager evidence on the issue in order to meet the sufficiency requirement. **Denham v. State**,574 S.w.2d 129,130(Tex. Crim.App.1978); **Harris v. State**, 562 S.W.2d 463(Tex.Crim.App.1978): **Davidson v. State**, 602 S.W.2d 272(Tex.Crim.App.1980); **Lockett v. State**, 874 S.W.2d 810, 814(Tex.App.-Dallas 1994. pet. ref'l). There was affirmative finding this is why appellant is challengeing the deadly weapon finding. **Ex parte Nelson**, 137 S.W.3d 666(Tex.Crim. App.2004). However, Ms.Burrola case, there was no evidence of a weapon and thus the conviction in trial cause 1243882D for the offense of Aggravated Assault should be reveral and an acquittal rendered on that charge of Aggravated Assault.

-11-

ISSUE THREE, RESTATE:THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF AGGRAVATED ASSAULT BASED ON THE EVIDENCE PRESENTED.

## A. Standard of Review

Appellant contends that the evidence is legally insufficient to support the verdict. The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S.Ct. 2781, 2786-27-87, 61 L.Ed., 2d 560(1979). Tucker v. State, 221 S.W.3d 780, 781 (Tex.App.-Corpus Chirst 2007). The evidence is examined in the light most favorable to the verdict. Jackson, 443 U.S. at 320, 99 S.Ct. at 2789; Tucker, 221 S.W.3d at 781. A sucessful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S.C. 211, 2217-2218, 72 L.Ed.2d 652(1982).

## B. Law

To be convicted of Aggravated Assault, a person must intentionally or knowly cause bodily injury to complaintant and the defendant did use or exhibit a deadly weapon during the commission of the assault To Wit: a knife that in manner of its use or inrended use was capable of causeing death or serious injury. Tex Penal Code Ann. § 22. 02 (a) 2 (Venon 2011). Appellant contends the evidence is insufficient to prove the deadly weapon element, and serious bodily injury.

## C. Problems with the weapon and injruies

Ms.Burrola is not sure what kind of knife or knives was used question by Court Appointed Attorney Mr.Canas. 4RR65 lines 10-16. Joseph testify to a knife but not what kind of knife. 4RR75. Mr.Brown

-12-

saids Appelant had no weapon. 4RR103. Mr. Brown said Appellant Gilbert has no blood on his clothes. 4RR110. Officer Stewart did not write or state where a cut on her neck was or a small scratch or a weapon used in the family violence packed diagram report. 4RR137-138. Officer Stewart testimony there's no where he saids that he took into evidence a weapon. 4RR128-140; See Evidence List. Detective Bayer testimony ther clearly no weapon taken into evidence. 4RR-140-149; See Evidence List. The picture's taken of a butcher block set or pieces of "something" doesn't prove the element of a knife. Also these pieces of "something" wasn't entered into police evidence list so that these pieces of "something " could be DNA Tested to prove if this was part of the weapon or used in the assault, which Officer Stewart destoryed the pieces of "something" that he took a picture of. See State's Exhibit 1; Evidence List. There was no fingerprints found on the gloves and no DNA of Appellant. 4RR145-146. Appellant did file a Motion Requesting Appiontment of Counsel DNA Testing with Affidavit telling why gloves and pieces of "something" should be tseted, check Court Docket Sheet, it will shows the pieces of "something" wasn't entered into evidence so that pieces of "something" could be tested for DNA Testing this why Detective Bayer couldn't have it tested when he requested DNA Testing on the gloves. 4RR145-146; See Evidence List; Trial Docket Sheet. This prove the jury didn't prove beyond a reasonable double that the picture of the piece of "something" was destoryed by Officer Stewart so no DNA Testing could be done on this evidence of a weapon to see if it was used in this Aggravated Assault. 4RR145-146; See Evidenc List; Trial Docket Sheet. No expert witness testimony was offered to support a dead weapon finding.

-13-

The picture's show her with ascratch. See State's Exhibit 3. Notice not one of the four witnesses saids they seen the cut and blood coming from the cut see all testimony. 4RR1-196. For the record Ms. Burrola did not go to the hospital, or hospitalized so on physician report or medical report or tsetimony or expert witness testimony. No testimony from Medstar Ambulance Service that they served complaintant for any injuries because complaintant refused to be treated by Medstar Ambulance Service. See Incident Detail Report pages 1-10 Clerk Record's.

D. Alibis, Denial of Right Compulsory on Service on Witness and Brady violation failed to investigate, notice of potentical exculpatory information and evidence.

on the day of this offense Officer Jason McCary stopped Appellant in a car for speeding. 4RR16-19. Appellant alibis witness the Court issued a subpoena by Gilbert Townes Private Investigator Lic. #A12-883 failed to serve Mr. William Carlton subpoena. CR75; Exhibit 1. Private Investigator Gilbert Townes Lic. #A12883 served subpoena to Tracey Hernandez and David Trevino. See Exhibit 2,3. Appellant has put into the record the Affidavit's written by David Trevino and Geneva Labree [now Geneva Labree Grimaldo]. CR118; Xehibit 4,5. This is Denial of Right Compulsory on Service on Witnesses. The Sixth Amendment of the United States Constitution gives every defendant the right to have witnesses called in order that they may testify on the behalf at trial. **Webb v. Texas**, 409 U.S. 95, 93 S.Ct. 351(1972), **Washington v. Texas**, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923(1967). The right to offer the testimony of witnesses and to compel their attendance, if necessary is in plain terms the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an

accused has the right to confront prosecution's witnesses as for the purpose of challengeing their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamaental element of due process of law. This is a Brady violation failed to investigate, notice of potential exculpatory information and evidence. **See Brady v. U.S.**, 397 U.S. 742, 90 S.Ct.1463.

## E. Application to These Facts

It's very clear that the complaintant's isn't clear on the weapon because she tells recross-examination Court Appionted Attorney Mr. Canas; 4RR65 lines 10-16:

Q. Did you have any other knives in the kitchen besides these?
A. Yes sir, Those are not my only knives.
Q. so it could have been some other knife?
A. It could have possiblely had been. I mean,
if one broke on you that easily, it might be a better
chance to get a different one.

Ms. Burrola testimony, so it clear to say it could have been a butterknife. Her injurues weren't life threatening because there wasn't testimony from Medstar Ambulance Servie saying they served complaintant for injuries, she refused Medstar Ambulance Services or a bill for service. See Court Record Incident Detail Report pages 1-10. Also no hospital physician testify of injuries, wasn't hospitalized or no medical report or no expert witness testimony of injuries. Under the **Jackson,** standard and **Tucker** there is not legally sufficient evidence to convict Gilbert Grimaldo of Aggravated Assault. Under Rule [73] of Texas Rule of Appellant Procedure the Court should granted the Appellant Memorandum Law pursuant to Rule 200 [c] [2] of the Texas Rule Of Appellant Procedure to determine whether The Court of Appeals holding was correct will reflect acquittal. The Court of Appeals 919 F.2d 1074 vacated and remanded. **Johnson v. State,** 548 S.W.2d 700 (Tex.Crim.App.1997). Where alleged offense count

-15-

of Aggravated Assault with a deadly weapon was committed on May 28, 2011. After effective date of new Penal Code 7, **Lernell v. State,** 915 S.W.2d 486(Tex.Crim.App.1995); failure to object waives claims of defects in the indictment but was or insufficiency claims. **Sneed v. State,** 803 S.W.2d 833(Tex.Crim.App.1991 pet.Ref'd). Assault offense of causing bodily injury and causeing physical contact are result offense, threatening another with imment body injury is a nature of coduct offense. **Green v. State,** 831 S.W.2d 891(Tex.Crim.App.Corpus Christi 1992 No.pet.). To qualityas a deadly weapon under this section a knife must shown to be capable of causeing death or serious bodily injury in the manner of its used or intended use. On remand the District Court should granted the judhement of conviction motion for a new trial, motion in arrest of judgement and motion to withdrawl as counsel. (1) assault with dangerous or deadly weapon. (Tex.Crim.App. Hou.)Est. Dist.1992). Like a club board or knife, hammer is not a deadly weapon Pre-Se but depending on circumstances all thees items may become daedly weapon under Statue V.T.C.A. Penal Code § 1:07(A)(11)(B), **Bethel v. State,** 842 S.W.2d 804; **Indecent Assault** V.T.C.A. Penal Code § 22.021(A)(1)(B)(1). **Vernon v. State,** 841 S.W.2d 407, **Proctor v. State,** 841 S.W.2d 1(Tesx.Crim.App.1993). And Appellant appealed. The Court of Appeals Wright, McCall and Kalenak, Circuit Judge held that (1) State criminal defendant has constitutional right to present Pro-Se Brief and motion of appeal and (2) material question of facts, precluding summary judgement for same defendants here gives timely notice of appeal desination of record on appeal. Defendants here in gives timely notice of appeal due to legalle and factually insufficiency of evidence; violation of due process rights reversible error that may have occurred at trial: potent-

-16-

ially improper argument remarks by State counsel, and to protect defendants rights to fundamental fairness. Appellant request that the Aggravated Assaulty be remanded and reversed and acquittal.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED, Appellant respectfully prays that the trial court's decision be reversed and judgement of acquittal rendered; or in the alternative, if this Court only sustain issue one or two, that the judgement in the cause be reversed and remanded and for other such relief as allowed by law.

Respectfully Submitted,

_Wilbert Grimaldo_
Appelant Pro-Se
TDCJ-ID #01829156
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Appellant's Petiton For Discretionary Review has been forwarded to counsel for the State by regular mail on the _11_ day of December, 2014.

Respectfully Submitted,

_Wilbert Grimaldo_
Appellant Pro-Se
TDCJ-ID #01829156
Mark W. Michael Unit
2664 FM 2054
Tennssee Colon, TX 75886

cc:File

EXHIBIT

THE STATE OF TEXAS

# SUBPOENA

## CASE NO. 1243882D

### DATE OF ISSUE: November 7, 2012

| THE STATE OF TEXAS | § | IN THE 297TH |
|---|---|---|
| Vs. | § § | DISTRICT COURT |
| GILBERT GRIMALDO | § § | TARRANT COUNTY, TEXAS |

TO ANY SHERIFF OR ANY PROPER PERSON AUTHORIZED BY THE STATE OF TEXAS IN ACCORDANCE WITH ART.24.01(b)C.C.P. - GREETINGS:

You are hereby commanded to summon the hereinafter named person or persons to be and personally appear before the above named court of Tarrant County, Texas, at the Tarrant County Justice Center in the City of Fort Worth, at the below shown date and time, then and there to testify on behalf of the above shown party in the styled and numbered action shown above pending in said Court, and there remain from day to day and from term to term until discharged by said Court.

And the said witness is further directed to bring with him and produce in Court the following instrument or instruments in writing or other thing desired as evidence: NONE

To appear as a Witness for the DEFENSE. Witness is to appear on 11-26-2012 AT 9:00 AM.

DANIEL TREVINO
807 NORTH BARNETT ST., DALLAS, TX, 75211, DALLAS COUNTY
214-394-5718

WILLIAM CARLTON
603 NORTH ANGLIN ST., CLEBURNE, TX 76033
817-770-7260

HEREIN FAIL NOT, but of this subpoena make due return, showing how you have executed the same.

A disobedience of this subpoena is punishable by fine not exceeding five hundred dollars, to be collected as fines and costs in other criminal cases.

**EDUARDO CANAS**
Attorney

**817-332-6060**
Attorney Phone No.

THOMAS A. WILDER District Clerk
Tarrant County, Texas
By: *Kasmia Mendoza*
KASMIA D. MENDOZA, Deputy

(Felony cases. To be read to witness if served in Tarrant County and to be executed by delivering a copy to each witness named outside of Tarrant County. May also be used for duces tecum.)

## OFFICER'S RETURN

CAME TO HAND on the _13_ day of _November_, 20 _12_, and executed by reading the within subpoena to and within the hearing of the witnesses, summoned in Tarrant County, and by delivering a true copy of this Writ to the within named witnesses summoned outside of Tarrant County, or by Duces Tecum, on the dates and at the places hereinafter set forth as follows:

| NAME | ADDRESS | Date Summoned | Time Summoned | Mileage | Total Fees |
|---|---|---|---|---|---|
| William Carlton | Not Served | | | | |
| | | | | | |
| | | | | | |

The following named witnesses not summoned for the reasons set opposite their names in accordance with Art. 24.04 C.C.P.
_See attached affidavit_

_____ County, Texas

By _____, Deputy

EXHIBIT 1

# THE STATE OF TEXAS
## SUBPOENA
### CASE NO. 1243882D

11-13-12

DATE OF ISSUE: November 7, 2012

| THE STATE OF TEXAS | § | IN THE 297TH |
|---|---|---|
| Vs. | § | DISTRICT COURT |
| **GILBERT GRIMALDO** | § | TARRANT COUNTY, TEXAS |

TO ANY SHERIFF OR ANY PROPER PERSON AUTHORIZED BY THE STATE OF TEXAS IN ACCORDANCE WITH ART.24.01(b)C.C.P. - GREETINGS:

You are hereby commanded to summon the hereinafter named person or persons to be and personally appear before the above named court of Tarrant County, Texas, at the Tarrant County Justice Center in the City of Fort Worth, at the below shown date and time, then and there to testify on behalf of the above shown party in the styled and numbered action shown above pending in said Court, and there remain from day to day and from term to term until discharged by said Court.

And the said witness is further directed to bring with him and produce in Court the following instrument or instruments in writing or other thing desired as evidence: **NONE**

To appear as a Witness for the DEFENSE. Witness is to appear on **11-26-2012 AT 9:00 A.M.**

DANIEL TREVINO - 11-13-12 - # changed 11-17-12 10 am
807 NORTH BARNETT ST., DALLAS, TX, 75211, DALLAS COUNTY
214-394-5718

WILLIAM CARLTON 11-13-12 751 pm left msg 11-20-12 10:10 left messg
603 NORTH ANGLIN ST., CLEBURNE, TX 76033 11-20-12 : 315 left message w/mother
817-770-7260 11-20-12: 3:20 left msg on phone

HEREIN FAIL NOT, but of this subpoena make due return, showing how you have executed the same.

A disobedience of this subpoena is punishable by fine not exceeding five hundred dollars, to be collected as fines and costs in other criminal cases.

| **EDUARDO CANAS** | THOMAS A. WILDER District Clerk |
|---|---|
| Attorney | Tarrant County, Texas |
| | |
| **817-332-6060** | By: _____ |
| Attorney Phone No. | KASMIA D. MENDOZA, Deputy |

(Felony cases. To be read to witness if served in Tarrant County and to be executed by delivering a copy to each witness named outside of Tarrant County. May also be used for duces tecum.)

### OFFICER'S RETURN

CAME TO HAND on the 13rd day of November, 20 12, and executed by reading the within subpoena to and within the hearing of the witnesses, summoned in Tarrant County, and by delivering a true copy of this Writ to the within named witnesses summoned outside of Tarrant County, or by Duces Tecum, on the dates and at the places hereinafter set forth as follows:

| NAME | ADDRESS | Date Summoned | Time Summoned | Mileage | Total Fees |
|---|---|---|---|---|---|
| David Trevino | 807 N. Barnett, Dallas, Tx | 11/12/12 | 6:38p | | |
| | | | | | |
| | | | | | |

The following named witnesses not summoned for the reasons set opposite their names in accordance with Art. 24.04 C.C.P.

_____ Tarrant _____ County, Texas

By _____, Deputy

Private Investigator
# A12883

EXHIBIT 2

# THE STATE OF TEXAS
## SUBPOENA
### CASE NO. 1243882D
DATE OF ISSUE: November 7, 2012

*[handwritten top right: 11-13-12 6:45pm lft msg / 11-17-12 / 1335]*

| THE STATE OF TEXAS | § | IN THE **297TH** |
|---|---|---|
| | § | |
| Vs. | § | DISTRICT COURT |
| | § | |
| **GILBERT GRIMALDO** | § | TARRANT COUNTY, TEXAS |

TO ANY SHERIFF OR ANY PROPER PERSON AUTHORIZED BY THE STATE OF TEXAS IN ACCORDANCE WITH ART.24.01(b)C.C.P. - GREETINGS:

You are hereby commanded to summon the hereinafter named person or persons to be and personally appear before the above named court of Tarrant County, Texas, at the Tarrant County Justice Center in the City of Fort Worth, at the below shown date and time, then and there to testify on behalf of the above shown party in the styled and numbered action shown above pending in said Court, and there remain from day to day and from term to term until discharged by said Court.

And the said witness is further directed to bring with him and produce in Court the following instrument or instruments in writing or other thing desired as evidence: **NONE**

To appear as a Witness for the **DEFENSE**. Witness is to appear on **11-26-2012 AT 9:00 AM.**

TRACEY HERNANDEZ
1362 VENTURA ST., ROCKWALL, TX 75087, DALLAS COUNTY
214-636-3525

HEREIN FAIL NOT, but of this subpoena make due return, showing how you have executed the same.

A disobedience of this subpoena is punishable by fine not exceeding five hundred dollars, to be collected as fines and costs in other criminal cases.

**EDUARDO CANAS**
Attorney

**817-332-6060**
Attorney Phone No.

THOMAS A. WILDER  District Clerk
Tarrant County, Texas

By:_____
KASMIA D. MENDOZA, Deputy

(Felony cases. To be read to witness if served in Tarrant County and to be executed by delivering a copy to each witness named outside of Tarrant County. May also be used for duces tecum.)

---

**OFFICER'S RETURN**

CAME TO HAND on the _13th_ day of _November_, 20_12_, and executed by reading the within subpoena to and within the hearing of the witnesses, summoned in Tarrant County, and by delivering a true copy of this Writ to the within named witnesses summoned outside of Tarrant County, or by Duces Tecum, on the dates and at the places hereinafter set forth as follows:

| NAME | ADDRESS | Date Summoned | Time Summoned | Mileage | Total Fees |
|---|---|---|---|---|---|
| Tracey Hernandez | 5313 Chessie Circle, Haltom City | 11-17-12 | 1705 | | |
| | | | | | |
| | | | | | |

The following named witnesses not summoned for the reasons set opposite their names in accordance with Art. 24.04 C.C.P.

---

_Tarrant_ County, Texas

By _____, ~~Deputy~~
(Authorized Person)

EXHIBIT 3

THE STATE OF TEXAS §

COUNTY OF TARRANT § SWORN AFFIDAVIT

## SWORN AFFIDAVIT OF DAVID TREVINO

I, David Trevino, am over the age 18 of sound mind and has no disabilities that would keep me from making this sworn affidavit. I am not making this statement under duress nor am I being forced or coerced in any way. I have personal knowledge of the facts written in this statement. I understand that if I lie in this statement I may be held criminally responsible. I swear under penalty of perjury the following is true and correct to the best of my personal knowledge.

I David Trevino, was at home with my family and my sister Janie Trevino just relaxing listening to music playing pool in my garage. Around 7:20 p.m my cousin Gilberto Grimaldo showed up. He said he was coming from Rockwall helping a friend move and he had alot of stuff in the back of his truck. So we all went to go play more pool. At 10:30pm my sister Janie told us that her date was there and that she was leaving so she said goodbye. Me and my cousin and my wife were still in the garage talking. then my cousin Gilbert told me and my wife that he had to drop off some things at a friends house in ransom rock. by then it was 11:40 pm so

EXHIBIT 4
-1-

we were saying our goodbye's, I locked up my garage and me and my wife felipa walked my cousin to his truck and he said it was late and that he would drop by the next day. so he turn the truck on we told him to be careful. He Drove off it was 11:30pm Almost midnight. Me and my wife went inside and got ready for bed our selves.

DATE: 12/12/13
SIGNAUTRE: [signature]

Before me the undersigned authority, on this day 10th day of March 2014.

Personally appeared [signature] who after being dully sworn stated.

I am the person in the above affidavit supporting the allegation have read the foregoing affidavit and swear that all allegations of facts contained therein are true and correct.

Subscribed and sworn to before me on the 10th day of March, 2014.

NOTARY PUBLIC IN AND FOR COUNTY; TEXAS

[signature]
NOTARY SIGNATURE

A. S. Patel
My Commission Expires
11/06/2016

THE STATE OF TEXAS                          §

COUNTY OF TARRANT                           §                    SWORN AFFIDAVIT

## SWORN AFFIDAVIT OF GENEVA LABREE

I, Geneva Labree, am over age 18 of sound mind and has no disabilities that would keep from this sworn affidavit. I am not making this statement under d- uress nor am I being forced or coerced in any way. I have personal knowledge of the facts written in this statement. I understand that if I lie in this st- atement I may be held criminally responsible. I swear under penalty of perjury the following is true and correct to the best of my personal knowledge.

I GENEVA GRIMALDO swear that this statement is true. I Geneva Grimaldo, am married to Gilbert Grimaldo's son, and I am aware of serious charges he faceing. I am very well acquainted with Gilbert Grimaldo's ex-gbelfrinend; Sandra Burrola, becuase she helped deliver my daughter. Now Sandra has been trying to get me and my husbend Gilbert Lee Grimaldo Jr to lie for her and say that we saw Gilbert Grimaldo Sr. Assault her and which is not true. Sandra Burrola has been lying about the assault and she said to me that she's going to send Gilbert Sr back to prison and that she said was going to get her son to help too. I told her that she was wrong for that and why would she do that when Gilbert Sr. always treated you and your kids with upmost respect, he actually spoiled

EXHIBIT 5
-1-

of them. But she claimed that he was already seeing somebody before they even split up and she was very upset and felt like he used her. I told her that I am not going to help her lie. I have never seen Gilbert Sr angry or even argue with Sandra. Half the time she does come around she's high on pills or marijuana, besides she drinks too much nobody believes what ever she says. I am willing to testify on Gilbert Grimaldo Sr's behalf Because Sandra is lying and has been trying to convince me since Gilbert sr has been locked up before to give a false statement to help her get sent back to prison for already haveing someone else in his Life.

DATE: 1-24-14

SIGNAUTRE: Denova Grimaldo

Before me the undersighed authority, on this day 3 10 ,2014

Personally appeared _____ who after being dully sworn stated.

I am the person in the above affidavit supporting the allegation have read the foregoing affidavit and swear that all allegations of facts contained therein are true and correct.

Subscribed and sworn to before me on the 10 day of March ,2014

NOTARY PUBLIC IN AND FOR COUNTY; TEXAS

NOTARY SIGNATURE

A. S. Patel
My Commission Expires
11/06/2016

-2-

MR Gilbert GrimaJdo
Tdcj # 1829156
2664 FM 3054
Tennessee Colony
TX 75886

Court of Criminal Appeals of Tx.
Po Box 12308 Capitol Station
Austin, Tx 78711

U.S. POSTAGE
PAID
IRVING,TX
75061
FEB 04, 15
AMOUNT
$1.82
0010149.3-15



1000

78711